UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NATHAN WARD,

         Plaintiff,                  Case No. 1:19-cv-587

v.                                     Honorable Janet T. Neff

COUNTY OF WAYNE et al.,

         Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff Nathan Ward is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. Plaintiff sues Wayne County and Oakland County, both of which are in Michigan.

Plaintiff alleges that on September 30, 1988, June 24, 1991, and February 8, 2000, Defendants "illegally" prosecuted him, "wrongfully" convicted him, and "illegally" incarcerated him. (Compl., ECF No. 1, PageID.5.) He also claims that the sentencing courts improperly relied upon an "erroneously fabricated" conviction for carrying a concealed weapon in 1979, which was used to sentence him as a habitual offender and "falsely imprison" him for an additional 10 years. (*Id.*)

According to his MDOC profile, Plaintiff is serving a life sentence for a 2008 conviction for first-degree murder. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=132491 (visited August 1, 2019). His profile also shows eight other sentences—imposed in 1972, 1979, 1988, 1991, and 2000—all of which are now inactive.

Plaintiff seeks damages for each day of his allegedly illegal confinement.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. *Heck v. Humphrey*

The Supreme Court limited the availability of § 1983 actions for prisoners in a series of cases, the most pertinent of which is *Heck v. Humphrey*, 512 U.S. 477 (1994). "*Heck* specifies that a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff proceeding under § 1983 must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

3

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. In other words, "no cause of action exists unless a conviction has been legally eliminated." *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). This rule is known as the "favorable termination" requirement. It follows from the principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments[.]" *Heck*, 512 U.S. at 486.

*Heck* applies here because Plaintiff's claims challenge the validity of several of his convictions and sentences. Success in his action would "necessarily imply" that those convictions and sentences are invalid. Plaintiff does not allege that any of those convictions or sentences have been reversed, expunged, or declared invalid. In other words, he has not satisfied the favorable-termination requirement for bringing a § 1983 action. *See Goldman v. Consumers Credit Union*, No. 17-1700, 2018 WL 2089811, at *3 (6th Cir. Feb. 14. 2018) (affirming sua sponte dismissal under 28 U.S.C. § 1915(e)(2) where plaintiff failed to allege that he successfully challenged his convictions).

Plaintiff might complain that he cannot reverse his prior convictions and sentences at this point in time because those sentences have already expired. In other words, habeas relief may be unavailable to him because he has already served the sentences at issue. It appears that he is not challenging the conviction and sentence for which he is currently in custody.

In *Heck* and other cases, including *Spencer v. Kemna*, 523 U.S. 1 (1998), and *Wallace v. Kato*, 549 U.S. 384 (2007), Justice Souter authored or joined concurring opinions that grappled with how to apply the favorable termination requirement in a situation where, as here, termination may no longer be possible because the plaintiff's sentence has expired. *See Heck*, 512 U.S. at 500-03 (Souter, J., concurring); *Spencer*, 523 U.S. at 19-21 (Souter, J., concurring);

*Wallace*, 549 U.S. at 399 (Stevens, J., concurring). Discussing these concurring opinions in *Powers v. Hamilton Cty. Pub. Defender's Comm'n*, 501 F.3d 592 (6th Cir. 2007), the Sixth Circuit concluded that the favorable termination requirement does not apply where the plaintiff was precluded from seeking habeas redress "'as a matter of law'"; however, it still applies where "the plaintiff could have sought and obtained habeas review while still in prison but failed to do so." *Id.* at 601; *accord S.E. v. Grant Cty. Bd. of Educ.*, 544 F.3d 633, 638 (6th Cir. 2008); *Ray v. Jefferson Cty.*, No. 16-6850, 2017 WL 6759307, at *2 (6th Cir. Dec. 5, 2017).

There is no reason to think that, as a matter of law, Plaintiff could not have challenged his convictions and sentences before they expired. Indeed, he could have filed a motion for relief from judgment under state law and then filed a federal habeas petition. Thus, the favorable termination requirement in *Heck* applies to his claims. He alleges no facts to satisfy this requirement. Consequently, Plaintiff does not state a "cognizable" claim under § 1983. *See Heck*, 512 U.S. at 487.

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint will be dismissed for failure to state a claim, under 28 U.S.C. § 1915(e)(2). A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) for failure to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same). However, such a dismissal should be without prejudice. *Sampson v. Garrett*, 917 F.3d 880, 882-83 (6th Cir. 2019).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).  The Court does not certify that an appeal would not be in good faith.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding in forma pauperis, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   August 8, 2019                                /s/ Janet T. Neff
                                                                                 Janet T. Neff
                                                                                 United States District Judge